# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2104-16T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

B.B.,

     Defendant-Appellant,

C.S.,

     Defendant.

_____

IN THE MATTER OF L.B. and E.S.,

     Minors.

_____

        Argued September 20, 2018 – Decided October 10, 2018

        Before Judges Nugent and Reisner.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FN-02-0158-16.

Deric D. Wu, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Deric D. Wu, of counsel and on the briefs).

Victoria Kryzsiak, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jason W. Rockwell, Assistant Attorney General, of counsel; Victoria Kryzsiak, on the brief).

Melissa R. Vance, Assistant Deputy Public Defender, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Melissa R. Vance, on the brief).

PER CURIAM

Defendant B.B. appeals from a May 19, 2016 order, which denied her request for a fact finding hearing under Title 9, dismissed the Title 9 complaint filed by the Division of Child Protection and Permanency (Division), over defendant's objection, and permitted the Division to proceed under Title 30 in order to provide defendant's family with services. The May 19 order became ripe for review on December 13, 2016, when the trial court dismissed the Title 30 action because the family was no longer in need of services.

We review the trial court's May 19, 2016 decision for abuse of discretion. N.J. Div. of Child Prot. & Perm. v. V.E., 448 N.J. Super. 374, 403 (App. Div. 2017); see R. 4:37-1(b). Mindful that appeals are taken from orders, not

2

opinions, and finding no abuse of discretion in the entry of the May 19, 2016 order, we affirm the order on appeal.

However, we recognize that the trial court rendered its decision before this court decided, in V.E., that a parent is entitled to an administrative hearing to contest the Division's finding that allegations of child abuse or neglect against the parent are "established," albeit not "substantiated." Id. at 380; see N.J.A.C. 3A:10-7.3(c).[1] Pursuant to V.E., there is no dispute that defendant is entitled to an administrative hearing to contest the established finding in this case. At oral argument of this appeal, the Division consented to our remanding the case to the agency with direction to promptly transmit the matter to the Office of Administrative Law (OAL) for an administrative hearing. Accordingly, we deem the notice of appeal amended to include the Division's established finding, which was issued without giving defendant the right to a hearing, and we remand the matter to the Division for a hearing. See V.E., 448 N.J. Super. at 404. We

---

[1] As V.E. explains in detail, the substantiated and established findings rest on different levels of evidence, and only a substantiated finding requires that a parent's name be included on the Central Registry of child abusers. 448 N.J. Super. at. 391-93. Nonetheless, an established finding may result in adverse consequences for a parent, including preventing him or her from adopting children or obtaining certain types of employment. Id. at 387-88, 400.

A-2104-16T3

direct that the Division transmit the case to the OAL within two weeks of the date of this opinion.

I

A short discussion of the procedural history is needed to illustrate why no further relief is warranted on this appeal. In brief, in late December 2015, the Division filed a complaint under Title 9, N.J.S.A. 9:6-8.21(c), and Title 30, N.J.S.A. 30:4C-12, alleging, in pertinent part, that defendant abused or neglected her child due to defendant's substance abuse issues, or in the alternative, the family was in need of services for the same reasons.[2] The trial court entered an order leaving the children in defendant's custody but requiring that defendant's mother supervise her care of the children. The Division did not request, and the court did not order, that the children be removed from defendant's custody.

The record reflects that by February 2016, defendant was faithfully attending an outpatient drug treatment program, and the Division was ready to dismiss the Title 9 complaint. At a case management conference on February 18, 2016, the Division's attorney told the trial judge that the Division had

_____

[2] The complaint also alleged that the children's father committed domestic violence. At all relevant times, the father was in jail. He is not participating in this appeal.

conducted an investigation of the abuse or neglect charges against defendant and had administratively determined that the charges were "established." However, the Division also sought to dismiss the Title 9 complaint and proceed exclusively under Title 30. The Division's attorney offered to present testimony that day to support the Division's claim that continued supervision was needed under Title 30.

Defendant's counsel vigorously objected to the Division dropping the Title 9 case, because, at the time, the Division would not provide a parent with an administrative hearing to contest an established finding. Hence, defendant sought a fact finding hearing before the court, as a mechanism to challenge the established finding. The trial court gave counsel an opportunity to brief the issue. At oral argument on May 19, 2016, all counsel agreed that a parent had the right to an administrative hearing to contest the Division's finding that abuse or neglect was substantiated. Defendant contended that a parent should also have the right, in some trial-type forum, to contest a finding that abuse and neglect was established. Defendant did not raise the issue of her right to counsel in an administrative hearing.

In an oral opinion, the trial court concluded, based on the case law as it existed at the time, that a defendant had no right to an administrative hearing to

contest an established finding. The court reasoned that a parent, instead, had a right to appeal the Division's administrative decision directly to the Appellate Division. The court therefore rejected defendant's argument that she should have the alternate right to a fact finding hearing in court to contest the established finding. However, the court reasoned that in fairness to the parent, if the Division chose to dismiss the Title 9 complaint, the dismissal must be with prejudice. The court also reasoned that, even in a Title 30 supervision case, a parent might be entitled to an evidentiary hearing before the court, if the parent contested the factual basis for the Division's Title 30-based allegations.

By December 13, 2016, defendant had successfully completed her drug treatment program, and the court dismissed the Title 30 complaint against defendant with consent of all counsel.

II

V.E. makes clear that defendant is entitled to an administrative hearing to contest the established finding, and the trial court need not keep the Title 9 case open solely to permit defendant to contest an established finding. 448 N.J. Super. at 403-04. However, defendant now argues that an administrative hearing is an inadequate remedy, because, as she concedes, a defendant is not entitled to court-appointed counsel at the OAL hearing. She argues that the

Division should not be permitted to dismiss a Title 9 complaint once it is filed, because doing so will deprive the parent of her right to contest the abuse or neglect charges with the assistance of court-appointed counsel. Defendant did not raise those issues in the trial court. We decline to further address defendant's issues for the first time on this appeal. See N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 339 (2010). Likewise, defendant's argument that, post-V.E., the Division will "forum shop" by filing and then withdrawing Title 9 complaints, so as to limit a defendant to an OAL hearing instead of a court trial, is not ripe for consideration. Absent a factual record, which is absent here, that contention is speculative.

Affirmed as to the trial court. Remanded as to the Division of Child Protection and Permanency. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION